IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



FILED
OCT - 4 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| CHARLES W. ROSS BUILDER, INC., <br> d/b/a CHARLES ROSS HOMES, <br> <br> Plaintiff, <br> <br> v. <br> <br> OLSEN FINE HOME BUILDING, LLC, <br>   a Virginia limited liability company, <br> <br> <u>Serve</u>: Beverly L. Olsen, Registered Agent <br>       209 Castlerock <br>       Williamsburg, VA 23188 <br> <br> BEVERLY OLSEN, <br> <br> <u>Serve</u>: 209 Castlerock <br>       Williamsburg, VA 23188 <br> <br> BOATHOUSE CREEK GRAPHICS, INC., <br>   a Virginia corporation, <br> <br> <u>Serve</u>: Lisa R. Moberg, Registered Agent <br>       800 Link Road <br>       Yorktown, VA 23692 <br> <br> RICK J. RUBIN, <br> <br> <u>Serve</u>: 112 Ballycastle <br>       Williamsburg, VA 23188 <br> <br> and <br> <br> JENNIFER L. RUBIN, <br> <br> <u>Serve</u>: 112 Ballycastle <br>       Williamsburg, VA 23188 <br> <br>          Defendants. | Civil Action No. 4:10cv129 <br> <br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Charles W. Ross Builder, Inc. d/b/a Charles Ross Homes, Inc. ("Charles Ross Homes"), by counsel, for its Complaint against Defendants Olsen Fine Home Building, LLC, Beverly Olsen, Boathouse Creek Graphics, Inc., and Rick J. Jennifer L. Rubin, states as follows:

### Nature of the Action

1. Charles Ross Homes brings this action pursuant to the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Virginia Business Conspiracy Act, Virginia Code § 18.2-499, *et seq.*, arising from Defendants' unlawful conduct in copying and using Plaintiff's copyrighted architectural work and technical drawings, and Defendants' and false representation that such plans were originated by BC Graphics.

### Parties

2. Plaintiff Charles Ross Homes is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located in Williamsburg, Virginia. Charles Ross Homes is in the business of designing and constructing custom homes primarily in the Williamsburg, Virginia area.

3. Defendant Olsen Fine Home Building, LLC ("Olsen FHB"), is a Virginia limited liability company with its principal place of business located in Williamsburg, Virginia. Olsen FHB in the business of constructing homes in the Williamsburg area.

4. Defendant Beverly Olsen ("Olsen") is an individual residing in Williamsburg, Virginia. Olsen controls and/or has the power to control Olsen FHB's affairs, and has a financial interest in its activities.

5. Defendant Boathouse Creek Graphics, Inc. ("BC Graphics") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located in Yorktown, Virginia. BC Graphics is in the business of architectural design.

6. Defendants Rick J. and Jennifer L Rubin (the "Rubins") are individuals residing in Williamsburg, Virginia.

## Jurisdiction and Venue

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under federal copyright law, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1121(a) *et seq.*. The Court has supplemental jurisdiction pursuant to under 28 U.S.C. § 1367(a) over Charles Ross Homes' claim under Virginia Code § 18.2-499, *et seq.*

8. Venue for this action is proper under 28 U.S.C. §§ 1391, 1400(a) and Rule 3(A) of the Local Rules of the United States District Court for the Eastern District of Virginia, because each defendant resides or may be found in this judicial district and division, and because the events giving rise to this claim occurred in this judicial district and division.

9. The Court has personal jurisdiction over Defendant Olsen FHB because it is a limited liability company organized under the laws of the Commonwealth and regularly conducts business within the Commonwealth of Virginia.

10. The Court has personal jurisdiction over Defendant BC Graphics because it is a corporation organized under the laws of the Commonwealth, and regularly conducts business within the Commonwealth of Virginia.

11. This Court has personal jurisdiction over Olsen and the Rubins because they are individuals residing within the Commonwealth of Virginia.

## Factual Background

12. Charles Ross Homes has been designing and building custom homes in the Williamsburg, Virginia area for more than two decades. In addition to designing custom homes, Charles Ross Homes also has a portfolio of proprietary model plans which customers can choose to use. Charles Ross Homes has earned national recognition for its work, including a 2003 Pacesetter Award from Custom Home Magazine for Management, a 2004 Watermark Award from Builder and Custom Home Magazines, a 2004 Best in American Living Award (Silver) from the National Association of Homebuilders and a 2009 Business Excellence Award from Residential Design & Build Magazine. In 2004 the company was recognized by Design/Build Magazine as one of the nation's leading design/build firms.

13. Among the many architectural works created by Charles Ross Homes is a design for a single family residence work known as the "Bainbridge" (hereinafter referred to as the "Copyrighted Work"). Charles Ross Homes is the sole author of and owner of the copyrights in the Copyrighted Work.

14. The Copyrighted Work constitutes original material that is copyrightable under federal law. Plaintiff has registered its copyright in the Copyrighted Work with the United States Copyright Office, as evidenced by Certificate of Registration VAu 630-671. A true and correct copy of Certificate of Registration VAu 630-671 is attached to this Complaint as Exhibit 1.

15. Charles Ross Homes is also the owner of the copyright for the technical drawings ("Copyrighted Plans") for the Copyrighted Work, as evidenced by Certificate of Registration VAu 980-343. A true and correct copy of Certificate of Registration VAu 980-343 is attached to this Complaint as Exhibit 2.

16. The Copyrighted Plans contain a statement that the drawings and the design represented by the drawings are copyrighted and the property of Charles Ross Homes. A true copy of the Copyrighted Plans is attached to this Complaint as Exhibit 3.

17. During the spring of 2009, the Rubins toured a model home constructed by Charles Ross Homes at 204 Blackheath in Williamsburg Virginia. The home constructed at 204 Blackheath is the "Bainbridge" model copyrighted by Charles Ross Homes, as evidenced by the Certificates of Copyright attached to this Complaint as Exhibits 1 and 2.

18. On or about May 20, 2009, Rick Rubin called Charles Ross Homes to set up an appointment to meet with representatives of Charles Ross Homes. Charles Ross Homes scheduled an appointment with the Rubins for June 3, 2009.

19. On May 21, 2009, Charles Ross Homes sent the Rubins a letter confirming their June 3, 2009, appointment and providing them with a complimentary copy of Charles Ross Homes' portfolio, *Places to Call Home*. This portfolio included a study plan and artist's rendering of the Copyrighted Work, and a notice stating "Copyright 2006 Charles Ross Homes." A true copy of the relevant portions of the portfolio is attached hereto as Exhibit 4.

20. The limitations imposed by copyright registration are clearly articulated on the second to the last page of the portfolio: "No portion of any plan may be reproduced or utilized in any form or by any means without the express written permission of Charles Ross Homes. Charles Ross Homes retains the exclusive right to construct the plans within a 50-mile radius of Williamsburg, Virginia."

21. After May 21, 2009, Rick Rubin later called Charles Ross Homes to postpone the June 3, 2009, appointment. The Rubins never called to reschedule their appointment with Charles Ross Homes or to arrange any other meeting with Charles Ross Homes.

22. Charles Ross Homes subsequently discovered that Olsen FHB had been engaged to construct a home for the Rubins using plans (the "Infringing Plans") prepared by BC Graphics that were strikingly similar to the Copyrighted Work and the Copyrighted Plans.

23. Although they currently are unavailable for copying, Charles Ross Homes has viewed the Infringing Plans and confirmed that they are copies of the Copyrighted Plans.

24. Charles Ross Homes subsequently learned that Olsen FHB and Olsen are constructing a home for the Rubins on Lot 97, Section 31 of Ford's Colony, located at 216 Western Gailes in Williamsburg Virginia (the "Infringing House"), using the Infringing Plans prepared by BC Graphics.

25. On information and belief, the Rubins provided BC Graphics and/or Olsen FHB with a copy of Charles Ross Homes' portfolio, *Places to Call Home*, and study plan and asked BC Graphics and/or Olsen FHB to create plans and construct a home based upon Charles Ross Homes' Copyrighted Work and/or Copyrighted Plans.

26. On information and belief, BC Graphics obtained copies of the Copyrighted Plans, made copies of those Copyrighted Plans, and/or used the Copyrighted Plans to create the Infringing Plans, without Charles Ross Homes' knowledge or consent.

27. On information and belief, BC Graphics removed Charles Ross Homes' copyright notice from the Copyrighted Plans, without Charles Ross Homes' knowledge or consent.

28. BC Graphics has falsely represented, and is falsely representing, that the Infringing Plans originated with BC Graphics and/or are BC Graphics' design.

29. The Infringing Plans and the Infringing House are strikingly similar to the Copyrighted Plans and Copyrighted Work.

30. Charles Ross Homes never authorized or licensed BC Graphics to develop plans that are based on the Copyrighted Plans, nor has it authorized BC Graphics to create any derivative works based on the Copyrighted Plans.

31. Charles Ross Homes never authorized or licensed the Rubins, Olsen or Olsen FHB to construct, market, or sell houses that are based on the Copyrighted Work, nor has it authorized Olsen to create any derivative works based on the Copyrighted Work.

## COUNT I
### Federal Copyright Violations
### 17 U.S.C. § 501
### (Against all Defendants)

32. Charles Ross Homes incorporates and realleges paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. Defendants had access to the Copyrighted Plans and the Copyrighted Work, which are publicly available both in the James City County Code Compliance office and the Ford's Colony Environmental Control Committee office.

34. The Infringing Plans and the Infringing House are substantially similar to the Copyrighted Plans and the Copyrighted Work.

35. Defendants' activities have infringed upon Charles Ross Homes' copyrights. Specifically:

   A. The Rubins knew, had reason to know, and/or willfully ignored Charles Ross Homes' copyrights in the Copyrighted Plans and/or the Copyrighted Work, and engaged Olsen FHB and/or BC Graphics for the purpose of copying Charles Ross Homes' Copyrighted Plans and/or Copyrighted Work and/or constructing a house based, using and/or copying Charles Ross Homes' Copyrighted Plans and/or Copyrighted Work;

  B. BC Graphics knew, had reason to know, and/or willfully ignored Charles Ross Homes' copyrights in the Copyrighted Plans and/or the Copyrighted Work in creating the Infringing Plans. The Infringing Plans are copies of the Copyrighted Plans and the Copyrighted Work and/or unlicensed derivatives of the Copyrighted Work. BC Graphics' creation of the Infringing Plans, and any subsequent modifications and/or variations of the Infringing Plans made by the Defendants, violates Plaintiff's exclusive rights to reproduce the Copyrighted Plans and Copyrighted Work and to prepare derivative works based on the Copyrighted Work;

  C. Olsen FHB knew, had reason to know, and/or willfully ignored Charles Ross Homes' copyrights in the Copyrighted Plans and/or the Copyrighted Work in constructing the Infringing House. Olsen FHB's construction of the Infringing House violates Plaintiff's exclusive right to reproduce the Copyrighted Work and to prepare derivates of the Copyrighted Work, and Olsen FHB's marketing and sale of the Infringing House violates Plaintiff's exclusive right to distribute copies of the Copyrighted Work and to distribute copies of derivatives of the Copyrighted Work;

  D. Upon information and belief, Olsen FHB created and/or directed the creation of non-pictorial representations of the Infringing Plans and/or the Infringing House for use in its advertising, promotional, and marketing materials. Such non-pictorial representations constitute unlicensed copies or derivatives of the Copyrighted Work, and their creation violates Plaintiff's exclusive rights to reproduce the Copyrighted Work and to prepare derivative works based on the Copyrighted Work;

36. Defendant Olsen, who is an officer and/or director of Olsen FHB, directed, authorized, controlled and had the ability to control Olsen FHB in the infringing activities

described above, and had a financial interest in such infringing activities. Olsen is therefore vicariously liable for Olsen FHB's acts of infringement.

37. BC Graphics' creation and distribution of the Infringing Plans, and creation and distribution of non-pictorial representations of the Infringing Plans and the Infringing House, has infringed and threatens to infringe Plaintiff's copyright in the Copyrighted Work and Plaintiff's copyright in the Copyrighted Plans.

38. As a result of Defendants' acts of copyright infringement, Charles Ross Homes has suffered actual damages, including lost profits, and pursuant to 17 U.S.C. § 504 is entitled to recover its actual damages and any profits earned by BC Graphics, Olsen and Olsen FHB as a result of the sale of the Infringing Plans or Infringing House.

39. Plaintiff also is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 prohibiting Defendants from infringing its copyrights, including but not limited to an injunction prohibiting (1) further creation, use or distribution of the Infringing Plans; (2) construction, marketing, or sale of the Infringing House or any other house based on the Infringing Plans; (3) the creation and distribution of non-pictorial representations of the Copyrighted Work, the Copyrighted Plans, the Infringing Plans, and/or the Infringing Houses.

40. In addition, Plaintiff is entitled to preliminary relief pursuant to 17 U.S.C. § 503(a) ordering the impounding of (1) all copies of the Infringing Plans, and (2) all non-pictorial representations of the Copyrighted Work, the Copyrighted Plans, the Infringing Plans, and the Infringing House. Upon final trial of this matter, Plaintiff is entitled to an order pursuant to 17 U.S.C. § 503(b) for the destruction or other reasonable disposition of all such infringing copies that have been made in violation of Plaintiff's rights.

## COUNT II
### Violation of Digital Millennium Copyright Act
### 17 U.S.C. § 1202(b)
### (Against Defendant BC Graphics and Olsen FHB)

41. Charles Ross Homes incorporates and realleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. The Copyrighted Plans, attached hereto as Exhibit 3, contain a statement that the drawings and the design represented by the drawings are copyrighted and the property of Charles Ross Homes ("Copyright Notice"). The Copyrighted Plans also identify the work as The Bainbridge, owned by Charles Ross Homes (together with the Copyright Notice, "the Copyright Management Information").

43. On information and belief, BC Graphics and/or Olsen FHB intentionally removed the Copyright Notice from the Copyrighted Plans, removed the information that identified the Copyrighted Work as The Bainbridge, and removed Charles Ross Homes' name from the Copyrighted Plans before distributing the Copyrighted Plans as the Infringing Plans.

44. BC Graphics and/or Olsen FHB distributed the Infringing Plans knowing that the Copyright Management Information had been removed or altered without the authority of Charles Ross Homes and knowing that it would induce, enable, facilitate or conceal an infringement of Charles Ross Homes' rights under the Copyright Act.

45. BC Graphics' and/or Olsen FHB's actions, as described above, constitute a violation of 17 U.S.C. § 1202(b), for which Charles Ross Homes is entitled to recover damages, including lost profits, as well as any profits earned by BC Graphics and/or Olsen FHB with respect to the Infringing Plans.

## COUNT III
### Federal Unfair Competition – Reverse Passing Off
### 28 U.S.C §1125(a)(1)(A)
### (Against BC Graphics and Olsen FHB)

46. Charles Ross Homes incorporates and realleges paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. Charles Ross Homes is the sole owner of all right and interest in Copyrighted Work and the Copyrighted Plans.

48. By formulating, promoting, offering to sell and/or selling the Infringing Plans and the Infringing House, which are copies of the Copyrighted Plans and the Copyrighted House, and by their other unlawful conduct described above, BC Graphics and/or Olsen FHB are misrepresenting the Copyrighted Plans and the Copyrighted Work as their own.

49. Through their actions complained of herein, BC Graphics and/or Olsen FHB have willfully made and are making false, deceptive, and misleading representations and descriptions constituting false designation of origin made in and in connection with interstate commerce, including, without limitation, false designations regarding the origin of the Infringing Plans and the Infringing House.

50. BC Graphics' and/or Olsen FHB's false designations of origin are likely to cause consumer confusion as to the origin of the Infringing Plans and the Infringing House, including, without limitation, by causing consumers to believe falsely that BC Graphics and/or Olsen FHB are the origin of the Infringing Plans used to construct the Infringing House when, in fact, Charles Ross Homes is the originator of the drawings and the architectural work represented by the Infringing Plans and the Infringing House.

51. BC Graphics' and/or Olsen FHB's false designations of origin constitute reverse passing off and unfair competition and violate Charles Ross Homes' rights under 15 U.S.C. §1125(a).

52. BC Graphics' and/or Olsen FHB's false designations of origin have reasonably and foreseeable damaged Charles Ross Homes in an amount to be determined at trial.

53. BC Graphics' and/or Olsen FHB's Defendants' willful actions make this case exceptional within the meaning of 15 U.S.C. §1117.

### COUNT IV
### Conspiracy to Injure Another in its Trade or Business
### Virginia Code §§18.2-499 *et seq.*
### (Against All Defendants)

54. Charles Ross Homes incorporates and realleges paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. Through the actions alleged above, Defendants have combined to enter into an agreement to violate Charles Ross Homes' copyrights by constructing the Infringing House and to formulate, promote, construct and offer to sell and/or sell the Infringing Plans and the Infringing House.

56. Defendants have combined to enter into this agreement with full knowledge of the fact that they are willfully violating Charles Ross Homes' copyrights and/or the general obligations imposed on them hereunder.

57. Defendants have intentionally combined, associated, agreed, mutually undertook and acted in concert for the purpose of willfully, maliciously and unlawfully injuring Charles Ross Homes in its trade and business, including, without limitation, by depriving Charles Ross

Homes of its rights under the Copyright Act, by taking business from Charles Ross Homes that rightfully belongs to Charles Ross Homes, and by causing the other harm described above.

58. Through their actions complained of herein, Defendants have committed conspiracy to injure Charles Ross Homes in its trade and business in violation of Virginia Code § 18.2-499.

59. Defendants' conspiracy to injure Charles Ross Homes in its trade and business has reasonably and foreseeably damaged Charles Ross Homes in an amount to be determined at trial.

60. In addition to damages, Defendants' conspiracy to injure Charles Ross Homes in its trade and business entitles Charles Ross Homes to recover treble damages and its costs of suit, including its reasonable attorney's fees, pursuant to Virginia Code § 18.2-500.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Charles W. Ross Builder, Inc. d/b/a Charles Ross Homes, Inc., demands judgment as follows:

1. That all Defendants' above-described acts constitute copyright infringement, unfair competition under federal law, and conspiracy to injure another in its trade or business under Virginia statutory law.

2. That Defendants be required to pay to Charles Ross Homes such damages, including lost profits, together with prejudgment interest, as Charles Ross Homes has sustained as a consequence of Defendants' willful, wrongful and unlawful acts, and to return to Charles Ross Homes any monies, profits and advantages wrongfully gained by Defendants.

3. That all damages resulting from Defendants' unfair competition and conspiracy to injure Charles Ross Homes in its trade or business be trebled pursuant to Virginia Code § 18.2-500.

4. That Defendants, and their respective officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, be subject to a preliminary and permanent injunction:

(a) preventing Defendants from infringing Charles Ross Homes' copyrights, including but not limited to (i) further creation, use or distribution of the Infringing Plans; (ii) construction, marketing, or sale of the Infringing House or any other house based on the Infringing Plans; (iii) the creation and distribution of non-pictorial representations of the Copyrighted Work, the Copyrighted Plans, the Infringing Plans, and/or the Infringing Houses; (iv) the distribution of any pictoral representations of the Infringing Home and/or the Infringing Plans in any marketing materials, including on any website maintained by Defendants; and (v) the use of the Infringing Home in any manner, including by providing tours of the Infringing House to prospective customers, as a means to market the services of Olsen FHB, Olsen or BC Graphics;

(b) impounding (i) all copies of the Infringing Plans, and (ii) all non-pictorial representations of the Copyrighted Work, the Copyrighted Plans, the Infringing Plans, and the Infringing House;

(c) destroying or otherwise reasonably disposing of all such infringing copies that have been made in violation of Charles Ross Homes' rights.

5. That Defendants be required to pay to Charles Ross Homes all reasonable attorneys' fees, expenses and costs incurred by Charles Ross Homes in this action pursuant to 17 U.S.C. § 505, Virginia Code § 18.2-500 and 15 U.S.C. § 1117.

6. That Defendants be directed to file with this Court and to serve upon Charles Ross Homes within thirty (30) days after issuance of an injunction a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and further orders of this Court.

7. That Charles Ross Homes be granted such further relief as this Court may deem just and proper.

## JURY DEMAND

A JURY TRIAL IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.

CHARLES ROSS BUILDER, INC. d/b/a
CHARLES ROSS HOMES,

By: _____
Of Counsel

John C. Lynch (VSB No. 39267)
Megan E. Burns (VSB No. 35883)
Counsel for Plaintiff
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: megan.burns@troutmansanders.com

Robert A. Angle (VSB No. 37691)
Counsel for Plaintiff
TROUTMAN SANDERS LLP
Post Office Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1246
Facsimile: (804) 698-5124
E-mail: robert.angle@troutmansanders.com

1984238v1