IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



CHARLES W. ROSS BUILDER, INC.
d/b/a CHARLES ROSS HOMES,

    Plaintiff,

v.                                    Civil Action No. 4:10cv129

OLSEN FINE HOME BUILDING, LLC,
BEVERLY OLSEN,
BOATHOUSE CREEK GRAPHICS, INC.,
RICK J. RUBIN, and JENNIFER L. RUBIN,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the motions for attorneys' fees filed by Olsen Fine Home Building, LLC and Beverly Olsen (collectively, "Olsen"), Boathouse Creek Graphics, Inc. ("BCG"), and Rick J. Rubin and Jennifer L. Rubin ("the Rubins") (collectively, "Defendants") on October 13, 2011. For the reasons stated herein, Defendants' Motions are **GRANTED IN PART** and **DENIED IN PART**.

    I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2010, Plaintiff Charles W. Ross Builder, Inc., d/b/a Charles Ross Homes ("Plaintiff") filed an Amended Complaint against Olsen, BCG, and the Rubins alleging federal copyright violations against all Defendants (Count One), copyright infringement against the Rubins (Count Two), violations of the Digital Millennium Copyright Act against BCG and Olsen (Count Three), and unfair competition against BCG and Olsen (Count Four). Each of the Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) and each Defendant subsequently filed a Motion for Summary Judgment. By Opinion and Order dated September 29, 2011, this Court granted Defendants' Motions for Summary Judgment as to Counts One, Two, and Three, and dismissed Count Four without prejudice for lack of jurisdiction. (Docket No. 67.) Each Defendant subsequently filed a Motion for Attorney's Fees and Costs. (Docket Nos. 70, 72, 73.)

## II. LEGAL STANDARD

"Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses. Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'" Fox v. Vice, 131 S. Ct. 2205, 2213 (2011) (citing Alyeska Pipline Svc. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). Therefore, unless Congress has authorized "fee shifting," courts ordinarily may not deviate from this background rule. *See id.*

## III. ANALYSIS

### A. *Digital Millennium Copyright Act Claims*

The Digital Millennium Copyright Act ("DMCA") provides that a court "in its discretion may award reasonable attorney's fees to the prevailing party." 17 U.S.C. § 1203(b)(5). In deciding whether to award attorney's fees under the DMCA, courts consider "the motive, reasonableness of the fee, deterrence and compensation, and the ability of the nonmoving party to pay." Dahn World Co., Ltd. v. Chung, No. RWT 06-2170, 2009 WL 277603, *2 (D. Md. Feb. 5, 2009) (citing Rosciszewski, 1 F.3d at 234). At the outset, we find that that Defendants Olsen and BCG meet the threshold requirements for receiving attorney's fees as they were undisputedly the prevailing party before this Court. 17 U.S.C. § 1203(b)(5); Dahn World Co.,

2009 WL 277603 at *2. Moreover, the Court finds that in this case, as in <u>Dahn</u>, "all four factors support an award of attorneys' fees" under the DMCA. <u>Id.</u>

First, Plaintiff recited no facts whatsoever to support its allegation that Defendants Olsen and BCG removed copyright information from Plaintiff's plans in an attempt to pass off the plans as their own. As we noted in our Order on Summary Judgment, Plaintiff "provide[d] no substantive evidence that Defendants provided or distributed any false copyright management information with the intent to induce, enable, facilitate, or conceal infringement or that Defendant removed any copyright information." See <u>Ross v. Olsen Fine Home Bldg., LLC</u>, (E.D.Va. Sept. 24, 2011) (internal citations omitted). Instead, Plaintiff's DMCA claims appear to have rested solely on its contention that the only plausible explanation for the fact that the two sets of plans in question were, according to Plaintiff, substantially similar, was that Defendants used Plaintiff's plans and removed the copyright information. However, as we previously found, the two sets of plans were not substantially similar, and the "myriad differences" between the Plaintiff's Copyrighted Plans and the plans for the Rubin home show that neither BCG nor Olsen had removed copyright information from the Ross plans. <u>See Id.</u>

An award of attorney's fees and costs in this case would also support the goals of deterrence and compensation. As Plaintiff had no evidence that Defendants Olsen and BCG had removed copyright information from the Copyrighted Plans, Plaintiff's DMCA claim was frivolous and should not have been brought. Granting attorney's fees as to these claims would deter future plaintiffs from bringing claims under the Act who have no evidence that the defendant at issue removed copyright information. With respect to the issue of compensation, the Court notes that BCG is owned and operated by one individual, Lisa Moberg, who is the company's sole employee and who performs all of its residential design work. (BCG Mot.

Atty's Fees at 6.) Ms. Moberg received approximately $4,000 for her design of the Rubin home and carried no insurance to cover the expenses associated with defending a copyright suit. (Id.) Although Plaintiff is not a large entity itself, it employs seven full-time employees and its resources appear to substantially exceed those of either BCG or Olsen.

Moreover, although Plaintiff asserted claims under the DMCA against both Olsen and BCG, Plaintiff's Amended Complaint does not even mention Olsen when discussing the allegations under the DMCA. Rather, it states, "[o]n information and belief, BC Graphics removed Charles Ross Homes' copyright notice from the Copyrighted Plans" and "BC Graphics has falsely represented, and is falsely representing, that the Infringing Plans originated with BC Graphics and/or are BC Graphics' design." Thus, not only did Plaintiff fail to advance facts sufficient to make out a claim for infringement against Olsen under the DMCA, but Plaintiff also failed to even name Olsen in detailing its factual allegations. For the foregoing reasons, Defendant Olsen's and Defendant BCG's Motions for Attorneys' Fees on Plaintiff's DMCA Claims are hereby **GRANTED**.

### B. *Copyright Act Claims*

The Copyright Act provides, "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C.A. § 505. The plain language of § 505 makes clear that whether to award attorney's fees, and the amount of fees to be awarded, is a matter wholly within the court's discretion. Fogarty v. Fantasy, Inc., 510 U.S. 517, 533 (1994); Hensley v. Eckerhart, 461 U.S. 424 (1983); Diamond Star Bdlg. Corp. v. Freed, 30 F.3d 503, 507 (4th Cir. 1994) (district court need not award costs and attorney's fees as a matter of course). However, in order to inject some measure of

uniformity into the decision-making process, the Fourth Circuit has set forth four factors that courts should consider in determining whether to award attorney's fees and costs. These factors include the following: (i) the motivation of the parties, (ii) the objective reasonableness of the legal and factual positions advanced, (iii) the need in particular circumstances to advance considerations of compensation and deterrence, and (iv) any other relevant factor presented. Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 234 (4th Cir. 1993) (internal citations omitted).

1. Plaintiff's Motivation in Bringing Suit

Defendants contend that Plaintiff acted in bad faith and with an improper motive in bringing this suit. (Rubin Mem. Atty's Fees at 4; BCG Mem. Atty's Fees at 4-5; Olsen Mem. Atty's Fees at 5.) Specifically, BCG contends that Defendant's motivation for this action "was to deter or harm [BCG's] residential design business in Ford's Colony in order to gain a competitive advantage in the Ford's Colony market," (BCG Mem. Atty's Fees at 5), the Rubins posit that Plaintiff acted in bad faith by failing to contact Defendants to address the situation before bringing suit, (Rubin Mem. Atty's Fees at 4), and Olsen contends that Plaintiff acted in bad faith by "allow[ing] construction of the Rubin's residence to continue unchallenged for approximately two months before initiating suit" and "serv[ing] Olsen without any prior notice to Olsen or any attempt at resolution." (Olsen Mem. Atty's Fees at 5 (emphasis in original).)

Plaintiff counters that it brought suit not to stifle competition in the Ford's Colony area, but because it "believed that it had a valid and enforceable copyright in The Bainbridge architectural work and that it sought to protect the substantial investment it had made in the design of The Bainbridge." (Def.'s Mem. in Opp. at 7.) In response to Defendants' emphasis on Plaintiff's failure to send a "cease and desist" letter prior to bringing suit, Plaintiff states that its

delay in bringing suit was the result of its desire to wait to determine whether continued construction of the Rubins' home would evince substantial dissimilarities to The Bainbridge design, thereby rendering legal action unnecessary. (Id. at 7-8.) Finally, Plaintiff states that "[t]here is no evidence in this case that [Plaintiff] acted in bad faith by bringing this copyright action." (Id. at 8.) We agree. Certainly, a more appropriate response by Plaintiff would have been to contact Defendants as soon as Plaintiff suspected infringement and to attempt to resolve the matter outside of the adversarial system. But Plaintiff was under no legal obligation to pursue any such remedial action prior to filing suit, and failure to do so, without more, does not amount to considered bad faith.[1]

Nonetheless, because the Supreme Court has expressly held that the absence of bad faith is not dispositive in the determination of whether to award attorney's fees, we must examine the additional factors as set forth in Rosciszewski to determine whether an award of attorney's fees is proper in this case. See Fogarty, 510 U.S. at 533 (rejecting the argument that defendants were required to prove bad faith to prevail on a motion for attorney's fees under 17 U.S.C. § 505); Rosciszewski, 1 F.3d at 225 (same).

---

[1] Defendants cite a number of cases in support of their contention that Plaintiff's failure to attempt a non-judicial resolution of the dispute constituted bad faith. However, each of these cases is distinguishable from the instant litigation. For example, in Oravec v. Sunny Isles Luxury Ventures, L.C., 2010 WL 1302914 (S.D. Fla. 2010), the court found that the plaintiff "did not initiate this action with entirely altruistic motives, which is demonstrated by his twenty-month silent acquiescence to the Trump Buildings' construction and failure to engage in timely pre-suit discussions." Id. at 8. However, in Oravec, the Court only awarded fees and costs to Defendants because it found that Plaintiff had failed to remove patently unreasonable claims from the pleadings and that Plaintiff had a pecuniary motive in pursuing these unreasonable claims. In Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., the Fourth Circuit upheld an award of attorney's fees where the plaintiff had engaged in such conduct as registering sculptures obtained from another as its own and taking inconsistent positions in litigation. 74 F.3d 488 (4th Cir. 1996). However, Plaintiff did not here engage in this type of outrageous behavior.

## 2. Objective Reasonableness of Plaintiff's Claims

In assessing the objective reasonableness of a plaintiff's claims, courts consider "whether the positions advanced by the parties were frivolous, on the one hand, or well-grounded in law and fact, on the other hand." SER Solutions, Inc. v. Masco Corp., 103 Fed. Appx. 483, 489 (4 Cir. 2004). A plaintiff's position is frivolous, and thus objectively unreasonable, where the issue of substantial similarity in a copyright action is found not to be "a close or complex question." See Earth Flag Ltd. v. Alamo Flag Co., 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001).Defendants rely heavily on the fact that this case was resolved on summary judgment to argue that Plaintiff's suit was "clearly frivolous when brought." However, this argument begs the question. Adopting the position advocated by Defendants – that the grant of summary judgment in favor of a defendant inevitably means that the plaintiff's claims were objectively unreasonable – would establish a *per se* entitlement to attorney's fees whenever a copyright plaintiff faces an adverse summary judgment ruling. As this Court has previously held, such a position is at odds with the discretionary standard clearly established by both the United States Supreme Court and the Fourth Circuit. See, e.g., Tessler v. NBC Universal, Inc., No. 2:08cv234, 2010 WL 3835061 (E.D.Va. Sept. 29, 2010) ("simply because a defendant is successful in obtaining 'summary judgment does not necessarily mean that the plaintiff's position was frivolous or patently unreasonable'"). See also Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 383 (5th Cir. 2004) (to accept the argument that plaintiff's "claim was per se objectively unreasonable because the jury found in favor of the defendants is without merit – to accept such an argument necessarily would transform the discretionary rule into the clearly rejected British Rule, under which a prevailing defendant always recovers fees.").

Moreover, although this Court found that most of the features of Plaintiff's design to which it claimed copyright protection and to which it alleged infringement were either in the public domain and not protected or entitled only to "thin" protection, thereby entitling the Defendants to prevail at the summary judgment stage, these findings do not render Plaintiff's claims patently unreasonable. See Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC, No. 4:10cv129, 2011 WL 4590003, at 15 (E.D.Va. Sept. 29, 2011). Indeed, at the time of this Court's ruling on summary judgment, the Fourth Circuit had not squarely addressed certain issues raised by Plaintiff's copyright suit. Even assuming that Plaintiff knew or should have known that copyright protection for The Bainbridge was limited, Plaintiff was – as this Court acknowledged – entitled to some such protection and we find now that it was not unreasonable for Plaintiff to seek to enforce the limits of that protection. See Tessler, 2010 WL 3835061, at *9 ("[Defendant's] summary judgment success simply reflects the fact that [Plaintiff] was unable to establish a prima facie case for copyright infringement; it does not necessarily imply that the factual or legal grounds of the case rise to the level of objective unreasonableness."). Moreover, in stark contrast to Plaintiff's claims brought under the DMCA, Plaintiff's copyright claims were grounded in adequate factual bases. Although Plaintiff ultimately did not prevail on these claims, such failure does not render its claims frivolous or objectively unreasonable.

### 3. Considerations of Compensation and Deterrence

The Fourth Circuit has instructed that "the goal of deterring a party from pursuing frivolous litigation is furthered by the imposition of attorney's fees and costs." Diamond Star Bldg. Corp., 30 F.3d at 506. Defendants point to this language to buttress their contention that awarding attorney's fees will deter future filings of frivolous copyright litigation. However, in Diamond Star, the district court referred to the suit as "a piece of litigation that should never

have been brought" and "a case of . . . absolute insignificance." Id. That is simply not the case here. Although we ultimately found that Plaintiff's copyright claims lacked merit, its claims were not so utterly lacking in foundation or legal basis as to amount to "a defamation of a copyright case," as the court characterized the plaintiff's claims in Diamond Star. Id.

Certainly, awarding attorney's fees to prevailing defendants is one means of "deter[ring] copyright holders from filing such suits without first attempting to resolve the matter outside of court." See Dawes-Ordonez v. Forman, 418 Fed. Appx. 819, 892 (11th Cir. 2011) (citing Fogerty, 510 U.S. at 527). However, Plaintiff's copyright claims were not such a flagrant attempt to abuse copyright law that they merit the strong medicine of awarding the prevailing party attorney's fees and costs. To award attorney's fees here, without evidence of bad faith or frivolity, would pave the way for granting such fees as a matter of course whenever a copyright holder-plaintiff is defeated on summary judgment. This sweeps too far, and could potentially chill litigation properly brought to enforce copyright protections. Finally, although Defendants argue that the Court should award attorney's fees on the grounds that they lack the resources to cover the costs of litigation, (Rubin Mem. Atty's Fees at 6; BCG Mem. Atty's Fees at 6), this is but one factor to be taken under advisement. See Rosciszewski, 1 F.3d at 234. In light of the other considerations weighing against the award of attorney's fees and costs, it does not tip the scale heavily enough in favor of granting fees and costs as to Plaintiff's copyright claims.

In sum, we find that none of the factors set forth in Rosciszewski, nor any other factor, counsels in favor of awarding attorney's fees and costs on Plaintiff's copyright claims, pursuant to 17 U.S.C. § 505, as set forth in Counts One and Two of the Complaint. Therefore, Defendants' Motions for Attorney's Fees as to the claims arising under the aforesaid Copyright Act are hereby **DENIED**.

## B. CONCLUSION

For the reasons stated herein, the Court finds that it is in the interests of justice to deny Defendant's motions for attorney's fees as to Plaintiff's Copyright Act claims under 17 U.S.C. § 505 but to award such fees with respect to Plaintiff's claims under the Digital Millennium Copyright Act under 17 U.S.C. § 1203(b)(5). Therefore, the Rubins' Motions for Attorney's Fees and Costs are hereby **DENIED**. Olsen and BCG's Motion for Attorney's Fees and Costs are hereby **DENIED** as to the claims brought under the Copyright Act under 17 U.S.C. § 505 but **GRANTED** as to the claims brought under the Digital Millennium Copyright Act under 17 U.S.C. § 1203(b)(5). Olsen and BCG are further **ORDERED** to file within thirty days after the judgment becomes final affidavits detailing the expenses and costs they incurred specifically in defending the DMCA claims so that the Court may determine the proper amount of their award. The Clerk is **DIRECTED** to deliver a copy of this Order to all counsel of record.

It is so **ORDERED**.

Newport News, Virginia
January 9, 2012

/s/
Robert G. Doumar
Senior United States District Judge