**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**



**CHARLES W. ROSS BUILDER, INC.
d/b/a CHARLES ROSS HOMES,**

     **Plaintiff**

     v.

**OLSEN FINE HOME BUILDING, LLC,**

**BEVERLY OLSEN,**

**BOATHOUSE CREEK GRAPHICS, INC.**

**RICK J. RUBIN, and**

**JENNIFER L. RUBIN**

     **Defendants.**

**CIVIL NO. 4:10cv129**

<u>**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AFFIDAVIT**</u>

This matter comes before the Court upon Charles W. Ross Builder, Inc.'s ("Plaintiff")

Motion for Leave to File Supplemental Affidavit. ECF No. 135. For the reasons set forth

herein, the Court **DENIES** Plaintiff's Motion for Leave to File Supplemental Affidavit. ECF

No. 135.

<u>**CONTENTS**</u>

I.    PROCEDURAL HISTORY ................................................................2

II.   USE OF THE WORD "CIRCULATED" IN SOBCZAK'S SECOND DECLARATION ................................................................7

III.  PLAINTIFF'S FAILURE TO COMPLY WITH RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE ................................9

   A.   STANDARD OF REVIEW ................................................................9

1

B.     **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT IS DENIED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 56(d)**...........................12

1.     **Fed. R. Civ. P. 56(d) Controls With Respect to Plaintiff's Efforts to Engage in Additional Discovery** ...............................................................12

2.     **Plaintiff's Failure to File a Post-Remand Rule 56(d) Affidavit is Inexcusable** ....................................................................................................13

3.     **Addressing the Renewed Motions for Summary Judgment is Appropriate Notwithstanding the Court Excluding Sobczak's Second Affidavit** ........................................................................................19

IV.    **CONCLUSION** ..........................................................................................................21

## I. PROCEDURAL HISTORY

Plaintiff is a custom home designer and builder operating primarily in the Williamsburg area of Virginia. The case concerns the construction of a custom home by Defendants Rick and Jennifer Rubin (collectively, "the Rubins"). Plaintiff alleges that the Rubin residence infringed its copyright on the Bainbridge home design ("Bainbridge" or "copyrighted work"). This matter has a lengthy procedural history, and the Court will only recite those portions which are relevant to the instant Motion for Leave to File Supplemental Affidavit. ECF No. 135.

On June 24, 2010, Plaintiff filed an Amended Complaint which alleges violations of the: (1) Federal Copyright Act, 28 U.S.C. § 101, et seq.; (2) Digital Millennium Copyright Act, 17 U.S.C. § 1202(b); and (3) Lanham Act, 15 U.S.C. § 1051 et seq. Plaintiff's Amended Complaint names as defendants: (1) the Rubins; (2) Boathouse Creek Graphics, Inc. ("Boathouse Creek"), a residential design corporation which designed the Rubin residence whose President is Lisa Sawin[1]; and (3) Olsen Fine Home Building, LLC ("Olsen Fine Homes"), a builder in the Williamsburg area that constructed the Rubin residence, as well as its owner, Beverly Olsen ("Olsen").

---

[1] Lisa Sawin was formerly known as "Lisa Moberg," but her name changed after Plaintiff filed its Complaint. ECF No. 1.

On February 14, 2011, the defendants filed their <u>Original</u> Motions for Summary Judgment. Rubins's Orig. Mot. for Summ. J., Feb. 14, 2011, ECF No. 38; Olsen's Orig. Mot. for Summ. J., Feb. 14, 2011, ECF No. 40; Boathouse's Orig. Mot. for Summ. J., Feb. 14, 2011, ECF No. 44. On February 21, 2011, Plaintiff filed a Memorandum in Opposition, ECF No. 52, to those Original Motions for Summary Judgment. Attached to that Opposition Memorandum was an Affidavit of Megan E. Burns, counsel for Plaintiff, which claimed, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, that due to inadequate opportunity for discovery Plaintiff could not "present facts essential to justify its opposition" to the Original Motions for Summary Judgment. <u>See</u> Burns's Rule 56(d) Aff., Feb. 2, 2011, ECF No. 52-1.

On August 5, 2011, the Court issued an Order construing Burns's Affidavit as a motion for discovery. The Court ordered the parties to confer and schedule a hearing concerning the Rule 56(d) Motion. Ord., ECF No. 61. The parties appeared before the Court for a discovery hearing on August 9, 2011, at which the Court heard argument concerning Plaintiff's Rule 56(d) Motion and ordered the taking of depositions from Rick Rubin and Lisa Sawin, President of Boathouse Creek. <u>See</u> Min. Entry, ECF No. 62; Ord., ECF No. 63. The deposition were not to "exceed a length of two hours" and were "limited in scope to the issues of access to the copyrighted work and notice of the copyright," as well as to "questions concerning the interior first floor of the copyrighted works and the allegedly infringing work." Ord., ECF No. 63.

Plaintiff deposed Rick Rubin and Lisa Sawin on September 1, 2011. On September 26, 2011, Plaintiff filed another Motion for Discovery, ECF No. 65, and Memorandum in Support thereof, ECF No. 66. Plaintiff's Second Motion for Discovery sought leave to take the deposition of Beverly Olsen, owner of Olsen Fine Home Building, and to take written discovery of all e-mail or written correspondence amongst the defendants in this case, as well as any

preliminary drawings for the Rubin residence. See Pl.'s Mem. in Supp. of Second Mot. for Discovery, ECF No. 66.

On September 29, 2011, the Court issued an Opinion and Order granting the pending Motions for Summary Judgment with respect to Counts One, Two, and Three of the Amended Complaint, and dismissing Count Four without prejudice for lack of jurisdiction. ECF No. 67. The Court did not need to address Plaintiff's pending Motion for Discovery, ECF No. 65, prior to issuing that Opinion and Order because it presumed, without finding, that the defendants has access to the copyrighted work. Nonetheless, the Court granted the Original Motions for Summary Judgment, having found that the Rubin residence was not "substantially similar" to Plaintiff's copyrighted work based on the "more discerning observer," which had been relief upon by other courts to assess copyright infringement in the architectural context. Op. & Ord. 19, ECF No. 67 (citing Trek Leasing. Inc. v. U.S., 66 Fed. Cl. 8, 19 (Ct. Fed. Cl. 2005)).

On October 28, 2011, Plaintiff filed a Notice of Appeal. ECF No. 79. Plaintiff appealed the Court's decision with respect to Counts One and Two of the Amended Complaint, but did not appeal as to Counts Three or Four. On appeal, Plaintiff did not argue that the district court afforded inadequate discovery prior to ruling on the Original Motions for Summary Judgment. Rather, Plaintiff argued that the undersigned reached an incorrect result by failing to apply the Fourth Circuit's "substantial similarity" test developed in Universal Furniture International. Inc. v. Collezione Europa USA. Inc., 618 F.3d 417 (4th Cir. 2010), which involved copyright infringement with respect to furniture design.

On November 8, 2012, the Fourth Circuit issued an Opinion finding that the test set forth in Universal Furniture extends to architectural works and, therefore, should control the Court's consideration of this matter. Op. of USCA, ECF No. 109. Thus, the Fourth Circuit vacated the September 29, 2011 Opinion and Order granting the defendants's Original Motions for Summary

4

Judgment and remanded the matter for further proceedings.

The defendants have each filed <u>Renewed</u> Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Olsen's Ren. Mot. for Summ. J., Nov. 30, 2012, ECF No. 115; Boathouse's Ren. Mot. for Summ. J., Dec. 21, 2012, ECF No. 119; Rubins's Ren. Mot. for Summ. J., Dec. 21, 2012, ECF No. 121. On January 4, 2013, Plaintiff filed its Opposition Memorandum. Pl.'s Mem. in Opp. to Ren. Mots. for Summ. J., ECF No. 123. Each defendant then filed replies to Plaintiff's opposition. Boathouse's Reply Mem., Jan. 10, 2013, ECF No. 124; Olsen's Reply Mem., Jan. 14, 2013, ECF No. 125; Rubins's Reply Mem., Jan. 17, 2013, ECF No. 126. However, since the case was remanded by the Fourth Circuit, Plaintiff has never filed a Rule 56(d) Motion alleging an inability to "present facts essential to justify its opposition" to the Renewed Motions for Summary Judgment. Fed. R. Civ. P. 56(d).

On June 3, 2013, the parties appeared before the undersigned for a hearing concerning the Renewed Motions for Summary Judgment. Min. Entry, ECF No. 133. During the course of that hearing, the Court inquired as to Plaintiff's argument concerning Olsen's access to the copyrighted work. In response, Plaintiff's counsel directed the Court to a portion of Sawin's deposition and suggested a desire for additional discovery. The Court inquired as to what additional discovery Plaintiff sought, and in response Plaintiff's counsel requested an opportunity to: (1) depose Beverly Olsen; and (2) take unspecified written discovery. The Court ordered Olsen's deposition, but denied Plaintiff's request for written discovery, for which no justification had been advanced. However, immediately after granting Plaintiff's request, the Court made clear that it was disinterested in dilatory tactics and desired to address the Renewed Motions for Summary Judgment, which were fully briefed as of January 17, 2013, in a timely

fashion. To that end, the Court ordered that Plaintiff depose Beverly Olsen within two weeks of the hearing.

Plaintiff took Beverly Olsen's deposition on June 11, 2013 and filed a Notice of Filing of Deposition Transcript on June 21, 2013. ECF No. 124. During her deposition, Olsen stated that, in the early part of 2010, she received Sawin's plans for the Rubin residence. The plans were on 36 x 42 inch paper, at a scale of 1/4 inch per square foot. Olsen felt that this size was unusual, unwieldy, and costly, and explained that she had always submitted 24 x 36 inch plans to building department for James City County. At some point, Olsen emailed Sawin in an effort to obtain the plans on a smaller sheet. In reply, Sawin stated that the plan for the Rubin residence would not fit on a 24 x 36 inch sheet because, at a 1/4 inch scale, the footprint of the house and garage were too large. Olsen responded that she had seen a Charles Ross plan where it "worked," in the sense the plan placed the home on one sheet and the detached garage on another sheet. Olsen does not recall where she saw the plans, but explained that the only place this viewing would have occurred was the Ford's Colony Environmental Control Committee ("ECC") office during the early part of 2010. Olsen further stated that, insofar as she viewed any plan produced by Plaintiff, it would have been a cursory viewing for the purpose of looking at the scale of the drawing.

In addition to Olsen's deposition, on June 21, 2013, Plaintiff filed a Motion for Leave to File Supplemental Affidavit, ECF No. 135, and Memorandum in Support thereof, ECF No. 136. Attached to that Memorandum, ECF No. 136, was a Second Declaration of Keith M. Sobczak, ECF No. 36-1, who has served as Plaintiff's staff architect for the last twelve years. Sobczak's Second Declaration provides that he has "checked the entire library of plans developed by Charles Ross since [he] joined the firm twelve years ago" and found that "[t]he only plan Charles

6

Ross <u>ever circulated</u> with a detached garage on a separate sheet was the plan for the Bainbridge."

Sobczak's Second Decl. 2, ECF NO. 36-1 (emphasis added). Defendant Olsen filed a

Memorandum in Opposition to that Motion on June 27, 2013, ECF No. 137, which the Rubins

joined on July 1, 2013, ECF No. 138. That Opposition Memorandum argues that the Court

should preclude consideration of Sobczak's Second Declaration due to Plaintiff's failure to

comply with Rule 56(d) of the Federal Rules of Civil Procedure. On July 5, 2013, Plaintiff filed

a Response, ECF No. 139, in support of its Motion for Leave to File Supplemental Affidavit,

ECF No. 135.

On September 16, 2013, the parties appeared before the undersigned for a hearing

concerning Plaintiff's Motion for Leave to File Supplemental Affidavit. ECF No. 135. The

Court denied Plaintiff's Motion for Leave to File Supplemental Affidavit, ECF No. 135, and the

justifications for that ruling are set forth in the subsections below.

## II. USE OF THE WORD "CIRCULATED" IN SOBCZAK'S SECOND DECLARATION

Before addressing Plaintiff's failure to comply with the Federal Rules in seeking

additional discovery, the Court would like to address the use of the word "circulated" in

Sobczak's Second Declaration. That Declaration was spurred by Beverly Olsen's deposition, at

which she suggested that she briefly viewed a plan by Charles Ross some place, possibly at the

Ford's Colony Environmental Control Committee ("ECC") office during the early part of 2010.

Olsen does not recall any specifics of the plan, other than that it had a detached garage which

appeared on a separate sheet of 24 x 36 inch paper.

In an effort to present circumstantial evidence of Olsen's access to the Bainbridge

design—i.e., the copyright work—Plaintiff seeks leave to file a Second Declaration of Keith M.

Sobczak, ECF No. 36-1, who has served as staff architect for Plaintiff for the last twelve years.

7

According to that Second Declaration, Sobczak has checked Plaintiff's entire library and found that "[t]he only plan Charles Ross ever circulated with a detached garage on a separate sheet was the plan for the Bainbridge." Sobczak's Second Decl. 2, ECF No. 36-1 (emphasis added).

The Court is concerned that Sobczak's use of the term "circulated" is an act of sophistry intended to manufacture a genuine issue of material fact. The Court has no understanding of what Sobczak meant by "circulated," nor is there any way to discern a definition from his Second Declaration. Sobczak's Second Declaration does not indicate that Plaintiff has never constructed homes, other than the Bainbridge, with a detached garage, nor does it address what may or may not have been filed with Ford's Colony or the County. The Court raised its concerns at the hearing concerning Plaintiff's Motion for Leave to File Supplemental Affidavit but, as Plaintiff did not produce Sobczak at that hearing, the Court had no way of determining what it means to "circulate" an architectural plan.

There is no doubt that Plaintiff sought, through Sobczak's Second Declaration, to raise a genuine issue of material fact concerning Olsen's direct access to the Bainbridge home design. Plaintiff states as much in its Memorandum, having explained that "Charles Ross seeks leave to file the Second Declaration of Keith Sobczak . . . for the limited purpose of clarifying that the plan viewed by Ms. Olsen could only have been the plan of the Bainbridge—the architectural work at issue in this case." Pl.'s Mem. in Supp. of Mot. for Leave to File Supp. Aff. 3, ECF No. 136. Though the Court does not fault Plaintiff in trying to vigorously pursue its claims, the Court is left to wonder why Plaintiff chose to employ such cryptic terminology to make such a simple point, which had the effect of unnecessarily extending this matter by months.

For instance, Sobczak could have stated that Plaintiff has never constructed a custom home with a detached garage, other than the Bainbridge, where the plan utilized showed the

8

detached garage on a separate sheet of paper. Sobczak could also have addressed whether Plaintiff had ever field a plan, other than the Bainbridge, with Ford's Colony or the County in which a detached garage appeared on a separate sheet of paper. Moreover, Sobczak could have stated that Plaintiff had never produced any plan, other than the Bainbridge, that displayed a detached garage on a separate sheet of paper. Sobczak did none of those things, and comments of Plaintiff's counsel at the September 16, 2013 hearing suggest that Plaintiff has, in fact, produced plans for other home designs, other than the Bainbridge, involving a detached garage appearing on a separate sheet of paper.

As explained in Part III of this Opinion and Order, the Court **DENIES** Plaintiff's Motion for Leave to File Supplemental Affidavit for failure to comply with the Federal Rules. By this subsection the Court merely seeks to explain why Sobczak's Second Declaration would not be due much weight in addressing the Renewed Motions for Summary Judgment even if the Court had granted Plaintiff leave to file it.

## III. PLAINTIFF'S FAILURE TO COMPLY WITH RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### A. STANDARD OF REVIEW

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justifiy its opposition" to a motion for summary judgment, the Court "may: (1) defer considering the motion or deny it; (2) allow time to obtain <u>affidavits or declarations</u> or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The rule "requires that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." <u>Wells v. Gates</u>, 336 F. App'x 378, 389 (4th Cir. 2009) (citing <u>Nguyen v. CNA Corp.</u>, 44 F.3d 234, 242 (4th Cir. 1995)).

However, "[i]f a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a" Rule 56(d)[2] affidavit or declaration "stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961 (4th Cir. 1996)). The Fourth Circuit has warned litigants that this Court places "great weight" on the Rule 56(d) affidavit and that merely referencing "the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute" for such an affidavit or declaration. Id. (internal quotation marks omitted) (quoting Evans, 80 F.3d at 961). The failure to file an affidavit under Rule 56(d) "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Id. (quoting Evans, 80 F.3d at 961).

But, notwithstanding the aforementioned principles, a court may excuse a nonmovant's failure to file a Rule 56(d) affidavit if: (1) "the nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit,'" id. at 244-245 (quoting First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1380–81 (D.C. Cir. 1988); and (2) "the nonmoving party was not lax in pursuing discovery," id. at 245.

For instance, the Fourth Circuit found occasion to excuse noncompliance with Rule 56(d) in Harrods Ltd. V. Sixty Internet Domain Names. 302 F.3d at 214. In Harrods, the plaintiff argued that the district court had prematurely granted summary judgment with respect to six of the sixty defendants. Id. at 243-44. The amended complaint had been filed on August 23, 2000, the motion

---

[2] Prior to December 1, 2010, the provision requiring a nonmovant to file an affidavit notifying the court of its inability to "present facts essential to justify its opposition" to a motion for summary judgment was set forth at subsection (f) of Rule 56. However, on December 1, 2010, an amendment to the rules took effect which moved that provision to subsection (d). The Advisory Committee Notes to the 2010 Amendments provide that "subdivision (d) carries forward without substantial change [to] the provisions of former subdivision (f)." The language of former subdivision (f), and current subdivision (d), is nearly identical. For the sake of clarity, the Court will refer to subdivision (d) in setting forth the relevant standard of review, notwithstanding the fact that many of the relevant opinions precede the 2010 amendments to Rule 56.

for summary judgment filed on September 7, 2000, and summary judgment granted less than one month later, on October 6, 2000. Id. at 245. At the time the district court granted summary judgment, it noted that there had been almost no discovery conducted in the case. Id. According to the docket sheet, no defendant had respond to the plaintiff's first set of interrogatories until November 2, 2000, and depositions were taken before December 2000. Finally, after a trial resulting in judgment for the plaintiff against the remaining fifty-four defendants, the district court in Harrods acknowledged that facts revealed at trial had changed its mind concerning the appropriateness of summary judgment with respect to those six defendants. Id.

In this context, the Fourth Circuit found that the plaintiff had "adequately fulfilled the purpose of Rule 56[(d)] by putting the district court on notice of the reasons why summary judgment was premature," id., notwithstanding the plaintiff's failure to file an affidavit or declaration to that effect. For instance, in its opposition memorandum, the plaintiff in Harrods had set forth specified reasons as to why additional discovery was necessary. Harrods, 302 F.3d at 245-46. The Harrods plaintiff also repeated its concern about the need for more discovery at the hearing concerning the motion for summary judgment. And, insofar as the plaintiff had no discovery requests pending at the time summary judgment was granted, the Fourth Circuit found that the lack thereof was attributable to fact that "summary judgment was granted so early in the proceedings"—just 4-weeks after the defendants filed their motion for summary judgment. Id. at 245-46 (stating amended complaint was filed on August 23, 2000, with summary judgment granted at hearing on October 7, 2000). Thus, the Fourth Circuit found that "it would be unfair to penalize . . . [the plaintiff] for failing to file the formal affidavit called for by" Rule 56(d). Id. at 246.

The Fourth Circuit in Harrods then turned to the question of "whether the district court granted summary judgment . . . before . . . [the plaintiff] had adequate time to pursue discovery." Id. at 246-47. The Circuit Court noted that sufficient time for discovery is "especially important when the relevant facts are exclusively in control of the opposing party," and summary judgment is

"particularly inappropriate when a case involves complex factual questions about intent and motive." Id. The Fourth Circuit found that both of those circumstance were present in Harrods and, therefore, "conclude[d] that the district court's grant of summary judgment . . . was premature." Id. at 247.

## B. PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT IS DENIED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 56(d)

The Renewed Motions for Summary Judgment were fully briefed as of January 17, 2013. Since the matter was remanded by the Fourth Circuit, Plaintiff has never filed a Rule 56(d) affidavit stating, "for specified reasons, it cannot present facts essential to justify its opposition" to the Renewed Motions for Summary Judgment. Fed. R. Civ. P. 56(d). Plaintiff freely acknowledges that it has filed no such affidavit but, rather, seeks to circumvent Rule 56(d), arguing that: (1) Rule 56(d) is not relevant to the Court's consideration of its Motion for Leave to File Supplemental Affidavit, ECF No. 135; and (2) insofar as Rule 56(d) is relevant, failure to comply with that Rule is not fatal to its argument that it has not been given an opportunity to conduct discovery sufficient to oppose the Renewed Motions for Summary Judgment.

### 1. Fed. R. Civ. P. 56(d) Controls With Respect to Plaintiff's Efforts to Engage in Additional Discovery

Plaintiff attempts to side-step Rule 56(d) through an appeal to Rule 56(e), through which the court may afford a party an opportunity to "properly support or address" a fact if it failed to do so in a prior filing pursuant to Rule 56(c). Fed. R. Civ. P. 56(e). Plaintiff's argument is clearly flawed. The "fact" that Plaintiff wishes to "support or address" concerns whether Plaintiff ever "circulated" a home design, other than the Bainbridge, which involves a detached garage appearing on a separate sheet of paper. See Sobczak's Second Decl., ECF No. 136-1. Though Plaintiff was aware that Olsen had seen one of its plans since Sawin's deposition on September 1, 2011, the "fact" that it seeks to "properly support or address" by Sobczak's Second Declaration—that the plan involving a detached garage on a separate sheet of paper is the Bainbridge—is based on information derived from Olsen's deposition, which was taken on June 11, 2013 and filed on June 21, 2013.

Since taking Olsen's deposition, Plaintiff had not filed anything advancing that "fact." Plaintiff cannot, therefore, appeal to Rule 56(e), has never before advanced the assertion or fact set forth in Sobczak's Second Declaration. To rule otherwise would invite litigants to continually file affidavits under the guise of Rule 56(e), notwithstanding their failure to explain, pursuant to Rule 56(d), why they were unable to present facts essential to justify their position in a timely-filed opposition memorandum.

### 2. Plaintiff's Failure to File a Post-Remand Rule 56(d) Affidavit is Inexcusable

In the alternative, Plaintiff argues that the Court should excuse its failure to file a Rule 56(d) affidavit and take Sobczak's Second Declaration under consideration. In advancing that argument, Plaintiff appeals to the Fourth Circuit's ruling in Harrods Ltd. V. Sixty Internet Domain Names. 302 F.3d at 214.

The matter currently before the Court is easily distinguished from that before the Fourth Circuit in Harrods. When the undersigned was considering the Original Motions for Summary Judgment, Plaintiff did file a Rule 56(d) Affidavit. See Burns's Rule 56(d) Aff., ECF No. 52-1. That Rule 56(d) Affidavit was filed on February 22, 2011, ECF No. 52-1, just one week after the last defendant filed its Original Motion for Summary Judgment, see Boathouse's Orig. Mot. for Summ. J., ECF No. 44. As a result of that Rule 56(d) Affidavit, the Court authorized Plaintiff to take two depositions it claimed were necessary to "present facts essential to justify its opposition" to those Original Motions for Summary Judgment. Fed. R. Civ. P. 56(d). On September 26, 2011, Plaintiff filed another Motion for Discovery seeking written discovery and an opportunity to take the deposition of Beverly Olsen. Pl.'s Mot. for Discov., ECF No. 65; see also Pl.'s Mem. in Supp. of Mot. for Discov., ECF No. 66. That Motion was allegedly spurred by statements made by Rick Rubin and Lisa Sawin during the course of their depositions, which were taken on September 1, 2011, and sought additional discovery concerning the issue of access. Three days after that Motion

was filed, the Court issued an Opinion and Order granting summary judgment, having found that the Rubin residence was not "substantially similar" to the copyrighted work. There was no need to address that Motion for Discovery prior to issuing the Opinion and Order granting summary

judgment because the Court presumed, without finding, that the defendants had access to the copyrighted work.

The Fourth Circuit subsequently vacated that Opinion and Order and remanded the case for further consideration. In addition to stating that <u>Universal Furniture</u> applies in the architectural context, the Fourth Circuit's Opinion advised that nothing in its "decision prevents the parties or the district court from revisiting" the issue of access on remand. Thus, Plaintiff was fully aware that access might be an issue if the defendants filed renewed motions for summary judgment, and that they would need to renew their discovery request in-kind.

On remand, the defendants filed Renewed Motions for Summary Judgment, the latest of which was filed on December 21, 2012. Plaintiff filed a Memorandum in Opposition on January 4, 2013 but did not attach any Rule 56(d) Affidavit thereto. The Memorandum in Opposition requests discovery on a variety of matters. But, those requests are scattered throughout a 30-page document which, according to the opening paragraph, "addresses the arguments made by all Defendants in their various Renewed Motions for Summary Judgment." Pl.'s Mem. in Opp. to Ren. Mots. for Summ. J. 1, ECF No. 123. Moreover, the requests set forth in that Opposition Memorandum are greatly expanded relative to any discovery sought pursuant to the Rule 56(d) Affidavit filed prior to remand.

For instance, the Court had already permitted Plaintiff to depose Lisa Sawin, which Plaintiff did on September 1, 2011. On remand, however, Plaintiff seeks to further depose Sawin concerning statements made in an Affidavit offered in support of Boathouse's <u>Renewed</u> Motion for Summary Judgment. Pl.'s Mem. in Opp. to Ren. Mots. for Summ. J. 8, ECF No. 123 (seeking to further depose Sawin concerning alleged self-serving denials). Since remand, Plaintiff has never filed any

document which clearly and concisely presented its discovery requests to the Court, whether in the form of a motion or an untimely Rule 56(d) Affidavit.

The Court held a hearing concerning the Renewed Motions for Summary Judgment on June 2, 2013. Plaintiff's counsel did not make any motion concerning discovery, or even make mention of the issue, at the outset of that hearing. Reviewing the transcript, it was not until 60-pages into the hearing that the issue of discovery arose in any substantive fashion. This was not spurred by Plaintiff's motion or request but, rather, the Court questioning Plaintiff's counsel concerning Olsen's access to the copyrighted work. In response, Plaintiff's counsel requested an opportunity to depose Olsen. Though Plaintiff had not properly moved for such discovery, as required by Rule 56(d), the Court nonetheless sought to accommodate Plaintiff's noncompliance and authorized the taking of Olsen's deposition on the issue with which Plaintiff's counsel expressed concern. Plaintiff's counsel further expressed a desire to take unspecified written discovery, for which no justification was offered. The Court denied that request.

The Court **FINDS**, for the reasons set forth below, that Plaintiff's noncompliance with Rule 56(d) of the Federal Rules of Civil Procedure is inexcusable.

First, Plaintiff was obviously aware of Rule 56(d), having timely filed a Rule 56(d) Affidavit when the Court was considering the Original Motions for Summary Judgment. See Burns's Rule 56(d) Aff., Feb. 2, 2011, ECF No. 52-1. This evidences that Plaintiff was fully aware of Rule 56(d) and the importance of making a timely motion thereto. Plaintiff cannot, therefore, claim ignorance in seeking to excuse its noncompliance. If anything, Plaintiff's failure to file a Rule 56(d) Affidavit after remand suggested to the court and all other parties that Plaintiff could present facts essential to justify its opposition to the Renewed Motions for Summary Judgment based on the discovery that had been permitted after the filing of its original Rule 56(d) Affidavit but prior to remand.

Second, insofar as Plaintiff has failed to file any discovery motions prior to the instant Motion for Leave to File Supplemental Affidavit, ECF No. 135, it cannot claim lack of opportunity,

as was the case in <u>Harrods</u>. In <u>Harrods</u>, the defendants moved for summary judgment on September 7, 2000, and the court granted the motion less than one month later, on October 6, 2000. 302 F.3d at 245. In the instant case, the latest Renewed Motion for Summary Judgment was filed on December 21, 2012, and the Court has still not ruled on those motions. Thus, Plaintiff has had approximately nine months to present the Court with a Rule 56(d) Motion or, alternatively, a formal request for discovery.

Third, Plaintiff cannot simply rely on its previously-filed Rule 56(d) Affidavit in an effort to excuse post-remand noncompliance. The previously-filed Rule 56(d) Affidavit was based on the representations of Plaintiff's counsel, Megan Burns, as of February 21, 2011. The Court construed that Affidavit as a Motion for Discovery, held a hearing, and granted Plaintiff's request to depose Rick Rubin and Lisa Sawin. Moreover, the previously-filed Rule 56(d) Affidavit pertained to the Original Motions for Summary Judgment. In its Amended Complaint, see Pl.'s Am. Compl., Nov. 24, 2010, ECF No. 21, Plaintiff advanced four grounds for relief, and the Original Motions for Summary Judgment addressed Counts One to Four. The Court addressed all four counts in its Opinion and Order, entered on September 29, 2011, granting summary judgment on Counts One to Three and dismissing Count Four for lack of jurisdiction. On appeal, Plaintiff only appealed the Court's ruling on Counts One and Two, but did not appeal Counts Three or Four. Thus, the circumstances have fundamentally changed in the 30-month period since the previously-filed Rule 56(d) Affidavit came before the Court. Not only did the Court afford Plaintiff an opportunity to engage in discovery pursuant to that Motion, but the claims before the Court have significantly narrowed since that time. The Court has no way of knowing whether Plaintiff's counsel would still attest, pursuant to Rule 56(d), that she believes Plaintiff "cannot present facts essential to justify its opposition" to the Renewed Motions for Summary Judgment, Fed. R. Crim. P. 56(d), and the Court certainly will not presume such on her behalf.

Fourth, the statements set forth in Plaintiff's Memorandum in Opposition to the Renewed Motions for Summary Judgment are not an adequate substitute for the filing of a Rule 56(d) Affidavit. Plaintiff's Memorandum is 30-pages long, which is the greatest length permitted under Local Civil Rule 47(F)(3). The Memorandum is in no way fashioned as a motion for discovery, nor does it express a desire to engage in additional discovery in the introductory paragraph. Rather, the opening paragraph represents that it "addresses the arguments made by all Defendants in their various Renewed Motions for Summary Judgment." Pl.'s Mem. in Opp. to Ren. Mots. for Summ. J. 1, ECF No. 123. Buried throughout that 30-page Memorandum, in a variety of locations, are demands for additional discovery. Contrary to what Plaintiff's counsel might believe, the Court is not in the business of mining its Memoranda for anything that might be construed as a motion. Counsel was obviously familiar with Rule 56(d), had ample opportunity to file an Affidavit thereto, and whether by design or accident did not make the requisite filing.

Fifth, it is disingenuous for Plaintiff to suggest that the Court should excuse its failure to comply with Rule 56(d) based on its "requested discovery at the hearing" on the Renewed Motions for Summary Judgment. Pl.'s Reply Mem. in Supp. of Mot. for Leave to File Supp. Aff. 7, ECF No. 139. As previously explained, Plaintiff was silent with respect to any request for discovery until 60 pages into the hearing transcript. Even then, the matter of discovery only arose upon questioning by the Court concerning Olsen's access to the copyrighted works. At that time, Plaintiff only requested an opportunity to depose Olsen and engage in unspecified, unjustified written discovery. Those two requests are not entirely consistent with Plaintiff's Opposition Memorandum, which expresses a desire for discovery on a much broader range of issues. Thus, though Plaintiff indicated a desire for additional discovery on two occasions since remand, Plaintiff never presented such requests in the form of a motion, nor was Plaintiff consistent in the discovery sought.

Having failed to comply with Rule 56(d), the Court had ample justification to deny any request for additional discovery advanced by Defendant at the June 3, 2013 hearing. Nonetheless, in

an effort to find the truth in this matter, and provide Plaintiff an opportunity to present facts in opposition to the Renewed Motions for Summary Judgment, the Court permitted Plaintiff to take Beverly Olsen's deposition.

To date, the Court has sought to accommodate Plaintiff's desire for discovery in two phases. First, pre-remand, the Court granted Plaintiff's timely and properly presented request to depose Rick Rubin and Lisa Sawin. Second, post-remand, the Court granted Plaintiff's request to depose Beverly Olsen, notwithstanding the fact that such request was untimely and improper pursuant to Rule 56(d). Now Plaintiff comes before the Court, by its Motion for Leave to File Supplemental Affidavit, and requests that the Court grant leave to file an additional affidavit which would further delay this Court's consideration of the Renewed Motions for Summary Judgment. The Court respectfully declines to further entertain Plaintiff's complaints about discovery when, since remand, Plaintiff has neither filed a Rule 56(d) affidavit nor presented the Court with a motion for additional discovery.

The Court declines to accommodate Plaintiff any further. The Court **FINDS** that Plaintiff has not been diligent pursuing discovery since remand, having failed to file a Rule 56(d) Affidavit or any discovery motion since the last of the Renewed Motions for Summary Judgment was filed on December 21, 2012. The Court further **FINDS** that Plaintiff's previously-filed Rule 56(d) Affidavit, as well as its Opposition Memorandum to the Renewed Motions for Summary Judgment, are not adequate substitutes for a post-remand Rule 56(d) Affidavit. The previously-filed Rule 56(d) affidavit is 30-months old, based on outdated representations, and was directed, at least in part, at grounds for relief that are no longer before the Court on remand. Plaintiff's Opposition Memorandum, on the other hand, is not a concise expression of the discovery sought or the specific reasons as to why the Court should delay ruling on the Renewed Motions for Summary Judgment.

Having found that Plaintiff failed to comply with Rule 56(d) of the Federal Rules of Civil Procedure, and that such noncompliance is inexcusable, the Court hereby **DENIES** Plaintiff's Motion for Leave to File Supplemental Affidavit. ECF No. 135.

**3. Addressing the Renewed Motions for Summary Judgment is Appropriate Notwithstanding the Court Excluding Sobczak's Second Affidavit**

Plaintiff's Memorandum in Support, ECF No. 136, of its Motion for Leave to File Supplemental Affidavit, ECF No. 135, arguably goes beyond seeking leave to file Sobczak's Second Declaration, having claimed that "[t]here is no question but that Charles Ross Homes has had little or no opportunity to conduct discovery in this case, through no failure on its part." Then, though not citing to Harrods, Plaintiff clearly advances an argument thereto, claiming that it seeks to discover evidence "uniquely in the possession of defendants" and claiming that its failure to submit a Rule 56(d) Affidavit "is not a bar to its assertions that it is premature to grant summary judgment in this case." Pl.'s Mem. in Supp. of Mot. for Leave to File Supp. Aff. 7, ECF No. 136.

As an initial matter, if Plaintiff's intent is to preserve this issue on appeal, slipping the argument into a Reply Memorandum on a Motion for Leave to File Supplemental Affidavit is neither proper nor advisable. This is precisely the sort of pleading which the Court took issue with in Part III(B)(2) of this Opinion and Order when considering whether Plaintiff had offered an adequate substitute to the filing a Rule 56(d) Affidavit. Plaintiff's counsel has not filed a Motion requesting that the Court abstain from passing on the Renewed Motions for Summary Judgments. Rather, Plaintiff's counsel slips this argument into the tail-end of a Reply Memorandum intended to address a much narrower issue—i.e., whether the Court will grant leave to file Sobczak's Second Declaration. Once again, by design or accident, Plaintiff's counsel has chosen to advance arguments concerning discovery by memoranda rather than motion. The Court does not exist to represent Plaintiff's interests and, therefore, will not engage in guesswork as to whether Plaintiff intended these few sentences, to which the defendants have no opportunity to respond, as an attack on the Court's handling of discovery since the matter was

remanded by the Fourth Circuit.

The Court will, however, address this argument as it pertains to the underlying Motion for Leave to File Supplemental Affidavit, which deals exclusively with discovery concerning matters covered in Olsen's deposition. As previously explained, Olsen stated during her deposition that she engaged in an email exchange with Lisa Sawin in which she suggested having seen a plan by Charles Ross. Olsen further stated that, though she does not recall precisely where she viewed the plan, she believes it was at the Ford's Colony ECC office during the early part of 2010. The only specifics about the plan that Olsen recalls is that it had a detached garage which appeared on a separate sheet of paper from the main house. See generally Olsen Dep., June 11, 2013, ECF No. 134-1.

Plaintiff cannot complain that it has been afforded inadequate discovery on this issue. The Court has permitted Plaintiff to depose both Sawin and Olsen concerning their exchange. There is no evidence to suggest, and Plaintiff has never contended, that any other person was a party to that exchange. Likewise, Plaintiff has never suggested that Sawin or Olsen have misrepresented the brevity of the reference to a Charles Ross plan in their email exchange.

Based on Olsen's representations, this matter is also not analogous to Harrods, where the evidence was in the "exclusive possession" of the defendants. Harrods, 302 F.3d at 247 (finding the district court had afforded inadequate discovery prior to granting summary judgment, in part, because the relevant facts were in the exclusive possession of the defendants). Rather than the defendants, Plaintiff is best positioned to determine whether it has ever constructed a home, other than the Bainbridge, where the plan involved a detached garage appearing on a separate sheet of paper, or alternatively whether it has ever filed such a plan with the Ford's Colony ECC office or the County. Plaintiff has sought to establish that point through Sobczak's Second Declaration

20

but, as explained in Part II of this Opinion and Order, the Declaration advances cryptic language which the Court suspects is designed to manufacture a genuine issue of material fact. Moreover, as explained in Part III(B)(1) and (2), the Court will not take Sobczak's Second Declaration into consideration when ruling on the Renewed Motions for Summary Judgment because, since remand, Plaintiff has: (1) failed to diligently pursue discovery; and (2) made no effort to comply with the Federal Rules of Civil Procedure, or present its requests for additional discovery in the form of motions.

The Court does not exist to serve as Plaintiff's counsel. Insofar as Plaintiff desired additional discovery, it should have timely filed a Rule 56(d) Affidavit or, at least, filed a motion for additional discovery with the Court. Over the last nine months Plaintiff has done neither. At some point the Court must rule upon the Renewed Motions for Summary Judgment, which were fully briefed as of January 17, 2013. The Court will not allow Plaintiff to further delay a ruling on those motions by burying demands for additional discovery in lengthy, disjointed, and oftentimes unrelated memoranda.

## IV. CONCLUSION

For the reasons set forth herein, the Court **DENIES** Plaintiff's Motion for Leave to File Supplemental Affidavit. ECF No. 135. The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
September 26, 2013

21