IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

CHARLES W. ROSS BUILDER, INC.,

    Plaintiff

v.                                      CIVIL NO. 4:10cv129

OLSEN FINE HOME BUILDING, LLC,
ET AL.,

    Defendant.

## OPINION AND ORDER ON ATTORNEY'S FEES

This matter comes before the Court on Boathouse Creek Graphics, Inc.'s ("BCG") Motion for Attorney's Fees and Costs pursuant to 17 U.S.C. §§ 505 and 1203(b). ECF No. 144. For the reasons stated herein, BCG's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2010, Charles W. Ross Builder, Inc., ("Ross Builder") filed an Amended Complaint against BCG and others. ECF No. 21. Ross Builder alleged in its Amended Complaint that BCG violated (1) the Federal Copyright Act, 17 U.S.C. § 101 *et seq.*, Am. Compl. 14; (2) the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b), id. at 19; and (3) the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), id. at 20.

Charles Ross and BCG are both companies that design homes, some of which are meant to be built in the Ford's Colony subdivision of Williamsburg, Virginia. Charles Ross alleged in their Amended Complaint that BCG, as part of actions that infringed Charles Ross's copyrights, obtained access to Charles Ross's copyrighted plans for their Bainbridge home design via their being filed, as required, in the James City County Code Compliance ("James City CCC") office

1

and the Ford's Colony Environmental Control Committee ("Ford's Colony ECC") office; or, alternatively, from Rick and Jennifer Rubin ("the Rubins"), a couple who desired to build a home in the Ford's Colony subdivision and who were provided with nontechnical copies of parts of the Bainbridge home plans as part of a promotional mailer. Am. Comp. ¶¶ 25–26, 29, ECF No. 21. Charles Ross also alleged, on information and belief, that BCG actively removed Charles Ross's copyright notice from the copyrighted works BCG accessed. Id. ¶ 33.

On September 29, 2011, this Court granted BCG's Motion for Summary Judgment regarding the copyright and DMCA claims and dismissed the Lanham Act claim for lack of jurisdiction. Op. & Ord., ECF No. 67. Acting under a presumption that there was sufficient access to support a copyright infringement claim, id. at 14, the Court found that BCG's design of the Rubins' residence was not "substantially similar" to Charles Ross's copyrighted Bainbridge plans under the "more discerning observer" standard, and thus granted the Motion for Summary Judgment as to the copyright infringement claim. Id. at 19 (citing Trek Leasing, Inc. v. United States, 66 Fed. Cl. 8, 19 (Ct. Fed. Cl. 2005)). The Court also granted the Motion for Summary Judgment as to the DMCA claim because Charles Ross offered no evidence to support its allegation in the Amended Complaint. Id. at 26–27.

Charles Ross filed notice of appeal regarding only the copyright claims on October 28, 2011. ECF No. 79. Transmission of the notice of appeal to the Fourth Circuit was completed on November 1, 2011. ECF No. 83.

On January 9, 2012, while Charles Ross's appeal was still pending, this Court granted BCG's Motion for Attorney's fees as to the DMCA claims, but denied it as to the copyright claims. Op. & Ord. 10, ECF No. 96. Attorney's fees were awarded as to the DMCA claim primarily because Charles Ross "recited no facts whatsoever to support its allegations that

[BCG] removed copyright information from Plaintiff's plans in an attempt to pass of the plans as their own." Id. at 3. Attorney's fees were not awarded on the copyright claim, on the other hand, because the question of law regarding the extent of Charles Ross's copyright was not clearly settled, thus making the suit reasonable, and because "in stark contrast to Plaintiff's claims brought under the DMCA, Plaintiff's copyright claims were grounded in adequate factual bases." Id. at 8; but see Op. & Ord. 14, ECF No. 67 ("[T]his Court presumes, for purposes of this Order, that Defendants had access to Plaintiff's designs."). On February 8, 2012, BCG filed notice of appeal of that decision, ECF No. 99, and Charles Ross cross-appealed the same day, ECF No. 101.

On November 8, 2012, the Fourth Circuit issued an Opinion vacating this Court's Opinion and Order granting summary judgment on the grounds that a different legal test should have been applied to determine "substantial similarity" between the contested architectural works. Op. of USCA, ECF No. 109. The same day, the Fourth Circuit also vacated this Court's Order concerning attorney's fees because it had also vacated the underlying award of summary judgment. Op. of USCA, ECF No. 111.

BCG filed a Renewed Motion for Summary Judgment on December 21, 2012. ECF No. 119. The Court granted that Motion on September 30, 2013. ECF No. 142. In contrast to the prior Opinion and Order in which the Court presumed that the defendants had access to Charles Ross's copyrighted design, Op. & Ord. 14, ECF No. 67, the Court in this second Opinion and Order specifically found that Charles Ross "fail[ed] to raise a genuine issue of material fact concerning BCG's access to the Bainbridge design"—an essential element of a copyright infringement claim, Op. & Ord. 21, ECF No. 142. There was no evidence of direct access by BCG, and the Court held that Charles Ross did not meet the standard for "intermediary access,"

or an assumption of access based on the relationship between the Rubins and BCG. Id. at 24–26, 29–30.

BCG filed the instant Motion for Attorney's Fees and Costs on November 13, 2013. ECF No. 144. Charles Ross filed a Memorandum in Opposition on November 27, 2013, ECF No. 146, and BCG filed its Rebuttal Brief on December 5, 2013, ECF No. 147. The Court has reviewed all of the filings and held a hearing on the motion on January 21, 2014. The matter is now ripe for decision. The Court, after weighing all relevant factors, **GRANTS** BCG's Motion for its defense of Charles Ross's DMCA claim, but **DENIES** the Motion regarding BCG's defense of the copyright claim.

## II. ATTORNEY'S FEES ARE NOT AWARDED FOR COPYRIGHT INFRINGEMENT CLAIM BUT ARE AWARDED FOR DMCA CLAIM

In the instant Motion, BCG seeks attorney's fees for the copyright claim under 17 U.S.C. § 505 and the DMCA claim under 17 U.S.C. § 1203(b). Both statutes grant the Court discretion in awarding attorney's fees. While BCG acknowledges that the Court in its prior order on attorney's fees awarded them only on the DMCA claim, Op. & Ord. 10, ECF No. 96, it argues that the Court's subsequent findings of fact made after the case was remanded mean that it is now entitled to attorney's fees from defending against the copyright claim as well, Rebuttal Brief 3–4, ECF No. 147. For the reasons set forth below, however, the Court **FINDS** that even in light of its more recent factual findings, an award of attorney's fees for the copyright claim is not appropriate. On the other hand, the Court **AWARDS** attorney's fees to BCG for its defense of the DMCA claim.

### A. COPYRIGHT INFRINGEMENT CLAIM

"Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses. Indeed, this principle is so firmly

entrenched that it is known as the 'American Rule.'" Fox v. Vice, 131 S. Ct. 2205, 2213 (2011). However, the Copyright Act states that "[i]in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States," and that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C.A. § 505. Whether to award attorney's fees, and the amount of fees to be awarded, is a matter wholly within the court's discretion. Fogarty v. Fantasy, Inc., 510 U.S. 517, 533 (1994); Hensley v. Eckerhart, 461 U.S. 424 (1983); Diamond Star Bdlg. Corp. v. Freed, 30 F.3d 503, 507 (stating that a district court need not award costs and attorney's fees as a matter of course).

The Fourth Circuit has instructed that, in making its determination as to whether to award attorney's fees and costs, a district court should consider the following four factors: (i) the motivation of the parties; (ii) the objective reasonableness of the legal and factual positions advanced; (iii) the need in particular circumstances to advance considerations of compensation and deterrence; and (iv) any other relevant factor presented. Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 234 (4th Cir. 1993). A finding of bad faith is not necessary in order to award attorney's fees, but it is one factor to consider. Rosciszewski, 1 F.3d at 233–34.

1. **Charles Ross Did Not Act in Bad Faith**

The first Rosciszewski factor, the motivation of the parties, tilts in favor of Charles Ross. The Court previously found that, although contacting BCG before filing suit for copyright infringement might have been "a more appropriate response," Charles Ross had no legal obligation to do so, and there was no evidence that Charles Ross acted in bad faith. Op. & Ord. 6, ECF No. 96. BCG does not argue that anything has changed regarding this factor since the prior attorney's fees order, and therefore the Court's conclusion stands: Charles Ross did not act in bad faith in bringing this lawsuit. However, because a finding that Charles Ross did not act in

5

bad faith is not dispositive of the attorney's fees question, <u>Rosciszewski</u>, 1 F.3d at 233–34, the Court, continues on to analyze the remaining factors.

### 2. Charles Ross's Legal and Factual Positions Were Not Objectively Unreasonable

In assessing the objective reasonableness of a plaintiff's claims, courts consider "whether the positions advanced by the parties were frivolous, on the one hand, or well-grounded in law and fact, on the other hand." <u>SER Solutions, Inc. v. Masco Corp.</u>, 103 Fed. Appx. 483, 489 (4 Cir. 2004). A plaintiff's position is frivolous, and therefore objectively unreasonable, where the issue of substantial similarity in a copyright action is not "a close or complex question." See <u>Earth Flag Ltd. v. Alamo Flag Co.</u>, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001). A grant of summary judgment does not necessarily mean that the losing party's positions were objectively unreasonable. <u>Tessler v. NBC Universal, Inc.</u>, No. 2:08cv234, 2010 WL 3835061 (E.D.Va. Sept. 29, 2010) ("[S]imply because a defendant is successful in obtaining summary judgment does not necessarily mean that the plaintiff's position was frivolous or patently unreasonable" (internal quotation marks omitted)). However, "when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion." <u>Diamond Star</u>, 30 F.3d at 506.

The copyright law regarding architecture has broadened so far as to create colorable claims for copyright infringement even between homes built in the Georgian style. In light of this fact, Charles Ross's legal and factual positions in this case, while unable to support a claim of copyright infringement, were not so objectively unreasonable as to merit an award of attorney's fees to BCG in defending against them. This Court previously held, in its original Opinion and Order regarding attorney's fees, that Charles Ross's legal claims were not frivolous or

objectively unreasonable. Specifically, although Charles Ross's copyright afforded it only "thin" protection against infringement because its design primarily consisted of unprotected individual architectural elements, "at the time of this Court's ruling on Summary Judgment, the Fourth Circuit had not squarely addressed certain issues raised by Plaintiff's copyright suit." Op. & Ord. 8, ECF No. 96. BCG has not cited anything in the record to show that Charles Ross's legal claims were in fact objectively unreasonable, and in fact in the meantime the Fourth Circuit held on appeal that Charles Ross's claims deserved to be decided under a different legal test than that applied at first. Op. of USCA 3, ECF No. 109. This lends credence to the conclusion that—again, though unable to survive BCG's motion for summary judgment—Charles Ross's legal claims were not frivolous.

Even taking into account the further findings of fact made by the Court subsequent to the case being remanded by the Fourth Circuit, as BCG rightly argues should be done, Charles Ross's factual positions still do not rise to the level of objective unreasonableness necessary to award BCG attorney's fees for the copyright infringement claim. One of the primary factual questions in this Court's second Opinion and Order granting summary judgment is whether Charles Ross had a reasonable basis for claiming that BCG had access to the copyrighted Bainbridge plans. The Court **FINDS** that although no such reasonable basis existed for the claim that BCG had <u>direct</u> access to the Bainbridge plans, Charles Ross's reliance on an inference of <u>intermediary</u> access was not objectively unreasonable.

As BCG notes, the Court did find that there was no evidence BCG had <u>direct</u> access to the copyrighted works. Rebuttal Brief 3–4, ECF No. 147. The fact that Charles Ross had put pictures of the Bainbridge home on its website, that part of the home was visible from the street, and that the plans for the home were filed with the James City CCC and Ford's Colony ECC

7

"merely create[d] the possibility of access" and clearly amounted to "mere speculation," thus failing to raise any question of material fact that BCG had direct access to the Bainbridge plans. Id. at 29-30 (quoting Building Graphics, Inc. v. Lennar Corp., 866 F. Supp. 2d 530, 541 (W.D.N.C. 2011)). Further, Charles Ross presented no evidence to contradict the Affidavit of Lisa Sawin, the President of BCG, stating that she had never seen the Bainbridge design before the initiation of the instant suit. Id. at 30. Thus, if Charles Ross's factual positions rested solely on this point, they could not be considered objectively reasonable.

Charles Ross's position regarding intermediary access, on the other hand, was objectively reasonable—albeit ultimately unsuccessful. The Court, in its second Opinion and Order granting summary judgment in favor of BCG, analyzed the question whether BCG could be attributed with intermediary access to the Bainbridge design based on the uncontested fact that the Rubins had access to a nontechnical version of the plans. Op. & Ord. 22, ECF No. 142. Under Fourth Circuit precedent at the time the suit was filed, the answer to that question was not immediately obvious, and thus the claim cannot be said to be frivolous or objectively unreasonable.

In Towler v. Sayles, 76 F.3d 579 (4th Cir. 1996), Virginia Towler had sent a script to SCS Films, a company she mistakenly thought was associated with director and screenwriter Jon Sayles. The company said they would forward the script on to Sayles, but at no time did Towler communicate with Sayles directly and there was no evidence that the script was sent to Sayles or that he ever received it. The Fourth Circuit held that there was insufficient evidence to allow a jury to infer that there was intermediary access between Sayles and SCS Films—their relationship was too tenuous. Id. at 583. In Bouchat v. Baltimore Ravens, Inc., 241 F.3d 350 (4th Cir. 2000), on the other hand, the facts did support an inference of intermediary access. Frederick Bouchat, an amateur artist, independently created a proposed team logo for Baltimore's new

football team, the Ravens. He met with John Moag, the Chairman of the Maryland Stadium Authority, about the logo and Moag said he would pass the drawings on to the team's leadership for consideration. Bouchat faxed the drawing to Moag's office on April 1 or 2, 2006. Moag shared an office with David Modell, the owner of the Ravens. On April 2, 2006, Modell met with a representative from the NFL design team to discuss the Ravens' logo, which, when it was unveiled in June 1996, was substantially similar to Bouchat's proposal. In that case, the Fourth Circuit held that an inference of intermediary access was warranted based on Moag and Modell's close relationship, as evidenced by their shared office. Id. at 354.

The relevant facts in the instant case, in which the Rubins had uncontested direct access to some of the Bainbridge plans and exchanged many emails with BCG regarding the design of the Rubins' house, though they did not share an office, fall in between those in Towler and Bouchat. Although the Court concluded that there was not a sufficiently close relationship between BCG and the Rubins to support an inference of intermediary access, Op. & Ord. Granting Summ. Judgmt. 26, ECF No. 142, Charles Ross's claim that such a relationship existed based on the uncontested facts was not objectively unreasonable in light of Fourth Circuit precedent regarding intermediate access.

Under the second Rosciszewski factor, the objective reasonableness of the legal and factual positions taken, Charles Ross's claims were not "patently frivolous" or objectively unreasonable, even in light of the new factual findings made by the Court after the case was remanded. Thus, this factor weighs in favor of Charles Ross as well.

### 3. Considerations of Deterrence and Compensation

The Supreme Court has stated that both plaintiffs and defendants should be encouraged to litigate meritorious copyright claims and defenses because "it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." Fogerty v. Fantasy, Inc., 510

9

U.S. 517, 527 (1994). The Fourth Circuit has instructed District Courts to further the policy objective of deterring frivolous copyright lawsuits (or egregious cases of infringement) by compensating the parties forced to litigate them. Diamond Star, 30 F.3d at 506 ("[T]he goal of deterring a party from pursuing frivolous litigation is furthered by the imposition of attorney's fees and costs . . . .").

However, as discussed above, Charles Ross's suit was not frivolous. The case at bar provided a vehicle for the Fourth Circuit to clarify what test to use in deciding whether architectural works are "substantially similar" for copyright infringement purposes. Op. of USCA 15, ECF No. 109. Charles Ross's claim also allowed this Court to further demarcate when the inference of "intermediary access" is available in copyright cases. Op. & Ord. Granting Summ. Judgmt. 22–26, ECF No. 142. Charles Ross's lawsuit in fact helped more clearly demarcate the boundaries of copyright law, and thus the Court **FINDS** that the interests of compensation and deterrence do not favor an award of attorney's fees in this case.

### 4. Other Relevant Factors

The Court also takes into consideration the ability of Charles Ross to pay potential attorney's fees, and the ability of BCG to absorb the costs of litigation if attorney's fees are not awarded. Charles Ross asserts that it "has had its own legal fees to absorb, is currently in a negative cash flow position and cannot also afford to pay a substantial fee award comprised of all of BC Graphics' fees and costs." Mem. in Opp. 13, ECF No. 146. However, it is also inescapably true that Charles Ross was the party who chose to risk litigation despite the thin protection granted by its copyright of a Georgian-style home design. BCG argues that its legal fees, slightly exceeding its gross receipts for the year 2010, mean that it is entitled to compensation. Mem. in Supp. 3–4, ECF No. 145. Further, although this Court does not find that Charles Ross acted in bad faith, the effect of the instant litigation may well be to deter some of its competitors from

building Georgian-style homes in Ford's Colony—an outcome which will inure, at least to some extent, to Charles Ross's benefit.

While the Court does **FIND** that this factor slightly favors BCG, all the other Rosciszewski factors weigh against an award of attorney's fees. The Court, therefore, **DENIES** BCG's Motion for Attorney's Fees and Costs insofar as the copyright infringement claim is concerned. ECF No. 144. Ultimately, the Copyright Act itself, as amended in 1990 by the Architectural Works Copyright Protection Act, is responsible for the confusion that allowed Charles Ross to assert a colorable legal claim for copyright infringement in this matter. Congress has foisted on the nation a system of copyrights for architectural works largely devoid of guiding principles as to what constitutes infringement, leaving to this Court the job of fleshing out what is and is not "substantially similar." In this context, although this copyright claim was unable to survive summary judgment, the Court declines to award attorney's fees for BCG's defense of the claim when the dispute found its source in a broad yet vague statutory regime rather than in bad faith.

### B. ATTORNEY'S FEES AWARDED FOR DIGITAL MILLENNIUM COPYRIGHT ACT CLAIM

The DMCA provides that a court "in its discretion may award reasonable attorney's fees to the prevailing party." 17 U.S.C. § 1203(b)(5). In deciding whether to award attorney's fees under the DMCA, "the Court may consider the motive, reasonableness of the fee, deterrence and compensation, and the ability of the nonmoving party to pay." Dahn World Co., Ltd. v. Chung, No. RWT 06-2170, 2009 WL 277603, *2 (Feb. 5, 2009) (citing Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 234 (4th Cir. 1993)).

The Court ordered Charles Ross to pay BCG's attorney's fees for the defense of the DMCA claim on January 9, 2012. ECF No. 96. This order, along with the original grant of

summary judgment in favor of BCG, was subsequently vacated on appeal by the Fourth Circuit and the case was remanded for further proceedings. ECF Nos. 110, 111. However, Charles Ross does not contend that any material facts have changed in regards to their liability for BCG's attorney's fees incurred while defending against the DMCA claim, and concedes that the Court's reasoning and conclusion on that count should still stand.

BCG is again the prevailing party after the case was remanded, all four of the relevant factors still support an award of attorney's fees regarding the DMCA claim, and Charles Ross does not contest liability for DMCA attorney's fees. The DMCA claim, in fact, was frivolous and lacking any basis in law or fact. BCG's Motion for Attorney's Fees on Charles Ross's DMCA claim, therefore, is **GRANTED**.

Pursuant to the Court's prior Opinion and Order regarding attorney's fees, BCG filed an affidavit representing that its attorney's fees attributable to the defense against Charles Ross's DMCA claim totaled $13,760.00. Casey Affidavit ¶ 11, ECF No. 98. Charles Ross did not contest the reasonableness of that figure at the hearing on the instant motion on January 21, 2014. The Court therefore **FINDS** that the attorney's fees BCG incurred in defending against Charles Ross's DMCA claim total $13,760.00.

### III. CONCLUSION

For the reasons stated above, BCG's Motion for Attorney's Fees and Costs is **GRANTED** in part and **DENIED** in part. Charles Ross is hereby **ORDERED** to pay Boathouse Creek Graphics, Inc., attorney's fees in the amount of $13,760.00 for the expenses incurred in defending against Charles Ross's DMCA claim.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**


/s/
Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 18, 2014